1

2

3

4 # UNITED STATES DISTRICT COURT

5 ## EASTERN DISTRICT OF CALIFORNIA

6

7 NICHOLAS PATRICK,

Plaintiff,

8

v.

9

C/O REYNAGA, et al.,

10

Defendants.

11

Case No.  1:16-cv-00239-LJO-SAB-PC

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL

(ECF NO. 8)

12

13        Plaintiff Nicholas Patrick is a state prisoner appearing pro se and in forma pauperis in this

civil rights action pursuant to 42 U.S.C. § 1983.

14

15        On May 6, 2016, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 8.)

Plaintiff has not previously sought the appointment of counsel.

16

17        Plaintiff is advised that there is no constitutional right to appointed counsel in this action,

Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any

18

attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).   Mallard v. United States

19

District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain

20

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

21

section 1915(e)(1).  Rand, 113 F.3d at 1525.

22

23        Without a reasonable method of securing and compensating counsel, the Court will seek

volunteer counsel only in the most serious and exceptional cases.  In determining whether

24

"exceptional circumstances exist, the district court must evaluate both the likelihood of success

25

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

26

complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

27

28        In the present case, the Court has considered Plaintiff's moving papers, but does not find

1

the required exceptional circumstances.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on claims of interference with his mail and violations of the Equal Protection Clause.  The issues in this case are not complex, and Plaintiff has thoroughly set forth his arguments in the complaint filed in this action.  Plaintiff argues that he is indigent and cannot afford counsel.  Plaintiff also indicates that he suffers from bipolar disorder.  In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel.  That Plaintiff is indigent and suffers from bipolar disorder does not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **May 9, 2016**

UNITED STATES MAGISTRATE JUDGE