# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>  Plaintiff,<br><br>  v.<br><br>C/O REYNAGA, et al.,<br><br>  Defendants. | Case No. 1:16-cv-00239-LJO-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This action was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). Currently before the Court is Plaintiff's complaint, filed February 22, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

1

that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Wasco State Prison, names as Defendants correctional officials employed by the CDCR at Wasco. Plaintiff names the following individual Defendants: Correctional Officer (C/O) Reynaga; C/O Ziegler; C/O Hurd; C/O Petroff; C/O Hernandez; C/O Rios, C/O Solis; C/O Morales, C/O Dominguez; C/O Buttram. Although difficult to discern, Plaintiff's claims appear to stem from Defendants' alleged interference with Plaintiff's legal mail and ability to litigate a lawsuit. Plaintiff articulates his claims as follows: equal protection based upon race and sexual orientation, privacy (mishandling mail), single cell status.

Plaintiff's complaint consists of a rambling narrative, interspersed with legal arguments and conclusory allegations. Plaintiff alleges that Defendant Reynaga "mishandled my incoming/outgoing mail," which resulted in Plaintiff not meeting deadlines. (ECF No. 1 at 3.) Plaintiff refers to a timely notice of appeal, and a lack of legal representation. Plaintiff alleges that he sent a letter to the ACLU regarding all of the named Defendants in this action. Plaintiff references a claim he filed regarding withdrawing funds from his inmate trust account. Plaintiff refers to Defendants Ziegler, Hurd and Reynaga, and alleges that they were somehow involved

with Plaintiff's lost laundry.  Plaintiff alleges that his mail has been opened and read.  Plaintiff alleges that sensitive needs yard (SNY) inmates are treated differently than general population inmates.  Plaintiff alleges that his property was improperly inventories when he was received into CDCR custody from the Orange County Jail.  Plaintiff lists several of his inmate grievances, and appears to allege that Defendants have interfered with the processing of his grievances.

Plaintiff also alleges that Defendant Hurd harassed him during mealtime.  Specifically, Plaintiff alleges that Defendant Hurd enforced a rule against Plaintiff that was not enforced against other inmates.  Defendant Hurd did not allow Plaintiff to use a second drink container, and only allowed Plaintiff to use the state-issued drink container for each meal.  Plaintiff also alleges that in response to Plaintiff's statement to another inmate, Hurd handcuffed Plaintiff and escorted him back to his cell.  Plaintiff alleges that Defendants intentionally denied him his coffee during breakfast release.  Plaintiff also alleges that he is not receiving sufficient writing material as required by prison regulations.  Plaintiff specifically alleges that he, and other inmates, do not always get weekly paper and ink fillers.

### III.

### DISCUSSION

**A. Civil Rights Act**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Here, Plaintiff has failed to link any of the named individual Defendants to any specific conduct that deprived Plaintiff of a protected interest. Throughout the complaint, Plaintiff asserts legal conclusions about the conduct of Defendants in general. Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has not done so here. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. The Court will provide Plaintiff with guidance in form of the following legal standards.

**B.   Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). To the extent that Plaintiff is alleging that his mail is opened and inspected, he is advised that prison regulations relating to the regulation of incoming mail are analyzed under the reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, a court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right, (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

Isolated incidents of mail interference or tampering will not support a claim under section 1983 for a violation of Plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2nd Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

**C. Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated should be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't. of Corr. Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

**D. Deprivation of Property**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

**E. Verbal Harassment**

Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong). Plaintiff's allegations do not rise to the level of a constitutional violation. See 42 U.S.C. § 1997(e)(prisoners cannot bring civil suits in federal court for mental or emotional injuries suffered while incarcerated unless they first show that they suffered physical injury).

5

### F. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011)(citing Lewis, 518 U.S. at 348)(internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415(2002).

### G. Unrelated Claims

Plaintiff is raising numerous claims against different defendants based on different events occurring at different times. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's claims fail to comply with the rules regarding joinder of claims. For example, Plaintiff appears to be pursuing claims against certain defendants for failure interference with his mail while simultaneously pursuing claims against certain defendants for harassing him during meal times. Plaintiff may not pursue unrelated claims against unrelated defendants in this action. If Plaintiff elects to amend his complaint, Plaintiff shall choose which claims he wishes to pursue his action. If Plaintiff does not do so and his amended complaint again sets forth unrelated claims which violate joinder rules, the Court may dismiss this action for failure to comply with

6

Court orders.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 22, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the

1  Court will recommend that this action be dismissed, with prejudice, for failure to
2  state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **May 19, 2016**

　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE