# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O REYNAGA, et al.,<br><br>　　　　　Defendants. | Case No.  1:16-cv-00239-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL  (ECF NOs. 9, 11) |

　　　　Plaintiff Nicholas Patrick is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On May 9 and May 16, 2016, Plaintiff filed motions for the appointment of counsel. Plaintiff's first motion for appointment of counsel was denied on May 10, 2016. (ECF No. 10.) .

　　　　Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

　　　　In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  In his first motion for the appointment

of counsel, Plaintiff argued that he was indigent and could not afford counsel. In his second motion, Plaintiff indicates that he is inexperienced and is a participant in the mental health system at Wasco State Prison. On May 20, 2016, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint. The complaint included unrelated claims, and asserted vague allegations that failed to link the Defendants with conduct that constituted a violation under 42 U.S.C. § 1983. The Court provided Plaintiff with clear direction, and the appropriate legal standards that apply to his claims. As noted, exceptional circumstances do not exist in this case, and Plaintiff is not entitled to appointment of counsel. That Plaintiff is not an attorney, is undergoing mental health treatment, or that Plaintiff may have difficulty litigating this case, does not constitute exceptional circumstances. The circumstances of incarceration do not constitute exceptional circumstances. The issues in this case are not complex, and the May 20, 2016, order provided Plaintiff with clear guidance in curing the deficiencies in his complaint.    Plaintiff is reminded that in forma pauperis status alone does not alone entitle Plaintiff to appointed counsel.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.") Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **May 24, 2016**

_____
UNITED STATES MAGISTRATE JUDGE