UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| NICHOLAS PATRICK, | 1:16-cv-00239-LJO-MJS (PC) |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| RENAGA, et al., | (Document# 23) |
| Defendant. | |

On October 17, 2016, plaintiff filed a motion seeking the appointment of counsel.

As Plaintiff already has been advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal

1

quotation marks and citations omitted).

The Court reiterates that it does not find the required exceptional circumstances in the instant case. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Furthermore, Plaintiff's statement that he is overburdened by prosecuting multiple actions does not, in itself, present an exceptional circumstance. Again, the Court is faced with similar litigants almost daily.

Lastly, the Court notes that Plaintiff includes in his motion a request for counsel in a separate action, Patrick v. Petroff, No. 1:16-cv-00945-AWI-MJS. Plaintiff is advised that he must file any such requests in that action. The Court will not address here requests that do not pertain to this case.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   January 11, 2017                    /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE