1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK, | CASE NO. 1:16-cv-00239-LJO-MJS (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** |
| v. | |
| REYNAGA, et al., | **(ECF No. 15)** |
| Defendants. | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's June 29, 2016 motion for injunctive relief. (ECF No. 15.) The motion seeks to have several individuals – some who are named as Defendants in this action and some who are not – transferred from Wasco State Prison, where Plaintiff was housed at the time of filing his motion. Plaintiff claimed that he was being sexually harassed and that female staff was being forced to have sex against their will. Attached to the motion are apparently unrelated minutes from proceedings in a separate case brought by Plaintiff in the United States District Court for the Central District of California.

As an initial matter, the Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. <u>Zepeda v. United States Immigration & Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Furthermore, the Court finds no basis for awarding the relief Plaintiff requests. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting <u>Winter</u>, 555 U.S. at 20).

Plaintiff heretofore has failed to state a cognizable claim and there presently is no operative pleading in this matter. The Court therefore cannot conclude that Plaintiff is likely to succeed on the merits of any claims. Plaintiff also fails to suggest a real and immediate threat of irreparable injury. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). He no longer is housed at Wasco State Prison and any threat of injury arising out of his placement in that facility appears to be moot. <u>See</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402-03 (1975); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991); <u>see also</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). The Court finds nothing to tip the balance of equities in Plaintiff's favor. And, while the public has an interest in providing inmates with constitutionally adequate conditions of confinement, the record

2

before the Court does not justify the Court substituting its judgment for that of correctional staff. These criteria not having been met, Plaintiff is not entitled to preliminary injunctive relief.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 15, 2017         /s/ Michael J. Seng
                                  UNITED STATES MAGISTRATE JUDGE