UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REYNAGA, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00239-LJO-MJS (PC)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT**<br><br>**(ECF NO. 32.)**<br><br>**ORDER GRANTING REQUEST FOR COPIES**<br><br>**(ECF NO. 35.)**<br><br>**ORDER DENYING REQUESTS FOR MISCELLANEOUS RELIEF**<br><br>**(ECF NOS. 32, 33, 35.)**<br><br>**CLERK TO SEND COPY OF THIS ORDER TO LITIGATION COORDINATOR AT PLAINTIFF'S INSTITUTION**<br><br>**CLERK TO SEND PLAINTIFF COPIES OF ECF NOS. 12, 26, 35**<br><br>**THIRTY (30) DAY DEADLINE TO FILE AMENDED COMPLAINT** |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. A variety of matters are presently pending before the Court.

First, the Court dismissed Plaintiff's complaint for failure to state a claim, but gave leave to amend. (ECF No. 12.) Plaintiff filed a first amended complaint. (ECF No. 14.) Before that complaint was screened, Plaintiff also lodged various additional iterations of his amended complaint (ECF Nos. 20, 25), and sought further leave to amend (ECF Nos. 22, 24.) On November 21, 2016, the Court dismissed the first amended complaint, granted Plaintiff leave to amend, and ordered Plaintiff to file an amended complaint within thirty days. (ECF No. 26.) Plaintiff sought and was granted an extension of time to file. (ECF Nos. 27, 29.) His second amended complaint presently is outstanding.

Second, on June 29, 2016, Plaintiff filed a motion for injunctive relief. (ECF No. 15.) On January 17, 2017, the Court issued findings and a recommendation to deny the motion. (ECF No. 30.) Plaintiff was ordered to file objections, if any he had, within fourteen days. To date, no objections have been filed.

Presently before the Court are the following motions from Plaintiff: a February 6, 2017 motion for extension of time (ECF No. 32); a February 9, 2017 motion for "Current Situation Statement" and "Extended Leave to Amend" (ECF No. 33); and a February 27, 2017 motion for "case status," "property advisement," and "copy of complaint" (ECF No. 35).

The first of these motions is docketed as a motion for extension of time to file objections to the findings and recommendations. The motion, however, requests only an extension of time to file an amended complaint. It is based primarily on Plaintiff's recent transfer to a different institution. (ECF No. 32.)

The second motion reiterates Plaintiff's request for an extension of time. He also provides a list of factual allegations relating in some detail his current conditions of confinement. He asks that these conditions be investigated and that the individuals involved be subject to polygraph examinations. (ECF No. 33.)

The third motion again provides a detailed list of factual allegations, asks for an update of the case status, asks to "join all parties and all claims together," asks for a

"property alert" requiring the Warden to transfer his property to his current institution, and requests a copy of "this" complaint, apparently referencing the motions itself. (ECF No. 35.)

Plaintiff's transfer to a different institution and his lack of legal property constitute good cause for an extension of time. The Court will grant Plaintiff thirty days from the date of this order to file his amended complaint.

Plaintiff is advised that the Court will not consider piecemeal allegations presented through a series of motions. Plaintiff has, on several occasions, attempted to expand the scope of this litigation by filing motions and purported amendments seeking to add additional claims and defendants. Plaintiff must instead file an amended complaint that is complete in itself. Local Rule 220. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). It is not overstatement to s ay it is beginning to appear that Plaintiff wishes to contest every action taken by every individual he has interacted with at every institution where he has been housed. Regardless of the merits of such challenges, the Court cannot will not entertain such contentions if the defendants are not properly joined. Failure to meet applicable pleading standards will result in the dismissal of some or all of Plaintiff's claims.

Plaintiff already has been advised that his request for an investigation and polygraph examinations are outside the scope of this litigation. (ECF No. 26.) This request will be denied.

To the extent Plaintiff seeks an order requiring the Warden to transfer his legal materials, Plaintiff already has been advised that he is not entitled to injunctive relief in this matter. (ECF No. 30.) There is no operative pleading and the Court is unable to discern, from the piecemeal nature of Plaintiff's allegations, whether the Warden of his former institution is even intended as a Defendant. The Court will, however, ask the Clerk's Office to send this order to the Litigation Coordinator at Plaintiff's institution, and

request Litigation Coordinator's assistance in procuring Plaintiff's legal materials as expeditiously as possible.

Finally, the Court is unable to discern which documents Plaintiff requests copies of. The Court will direct the Clerk's Office to provide Plaintiff with a copy of the Court's screening orders (ECF Nos. 12, 26.)

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's requests for an extension of time to file an amended complaint are GRANTED;
2. Plaintiff is granted thirty days from the date of this order to file an amended complaint;
3. Plaintiff's request for copies is GRANTED;
4. The Clerk's Office is directed to send Plaintiff copies of ECF Nos, 12, 26, and 35;
5. The Clerk's Office is directed to send a copy of this order to the Litigation Coordinator at Plaintiff's institution;
6. The Court requests the assistance of the Litigation Coordinator in facilitating Plaintiff's access to his legal materials;
7. In all other respects, Plaintiff's motions for miscellaneous relief (ECF Nos. 32, 33, and 35) are DENIED.

IT IS SO ORDERED.

Dated:   February 28, 2017              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE