UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>    Plaintiff,<br><br>v.<br><br>C/O REYNAGA, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-239-LJO-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 39)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Second Amended Complaint is before the Court for screening. (ECF No. 39.)

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

1

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

At all times relevant to this action, Plaintiff was a state inmate housed at Wasco State Prison in Wasco, California. He names the following individuals as Defendants: Correctional Officer ("CO") Reynaga, CO Ziegler, CO Hurd, CO Morales, CO Hernandez, CO Rios, CO Mauldonado, CO Knight, CO Petroff, CO Bracken, CO Moyes, CO Solis, CO Dominguez, and CO Feliciano.

Plaintiff asserts 34 separate claims, which can be summarized essentially as follows:

In violation of Plaintiff's First Amendment rights, (1) CO Hernandez withheld four envelopes containing legal mail; (2) CO Ziegler refused to seal and sign three

envelopes; (3) CO Petroff and CO Rios sealed and signed three envelopes; (4) CO Rios collected an envelope addressed to the ACLU; (5) CO Hurd sealed and signed two envelopes; (6) CO Hernandez sealed and signed an envelope addressed to the ACLU; (7) CO Petroff sealed and signed a couple of envelopes addressed to the ACLU; (8) CO Petroff sealed and signed four envelopes; (9) CO Reynaga withheld an envelope addressed to the law library until the court ordered deadline exhausted; (10) CO Hurd collected an envelope containing an appeal concerning small food portions; (11) CO Hurd collected an envelope containing an appeal concerning Hispanic (homosexual) workers only; (12) CO Morales sealed and signed an envelope containing an appeal concerning mishandled mail; (13) CO Solis collected an envelope containing an appeal concerning mishandled mail; (14) CO Moyes refused to seal and sign an envelope addressed to the Warden as an emergency appeal; (15) CO Moyes sealed and signed an envelope containing an emergency appeal involving CO Hurd (racial incidents); (16) CO Moyes refused to seal and sign an envelope containing an emergency appeal involving CO Knight and CO Mauldonado (assault, racial incident); (17) CO Reynaga sealed an envelope containing an emergency appeal involving CO Ziegler, CO Dominguez (unnecessary use of force); and (18) CO Hernandez and CO Ziegler withheld four legal envelopes.

In violation of Plaintiff's Fourteenth Amendment Equal Protection rights, (1) CO Reynaga deprived Plaintiff of an "Angel Tree" application ("Angel Tree" buys Christmas gifts for family members); (2) On August 27, 2015, CO Reynaga returned unanswered a Priority Library User ("PLU") form completed with a court deadline of August 26, 2015; (3) CO Reynaga, CO Hurd, CO Morales, and CO Hernandez deprived Plaintiff of an opportunity to work as an inmate porter; they preferred homosexual Hispanic inmates; (4) CO Reynaga, CO Hurd, and CO Ziegler use homosexual inmates to intentionally misplace the Plaintiff's laundry bag and cheat him out of sheets and towels every other week; (5) CO Knight snuck up behind Plaintiff in a rude and angry way while CO Hurd was signing envelopes; (6) CO Hurd gave homosexual inmates extra Koolaid; (7) CO

Hurd, CO Reynaga, and CO Ziegler "a California Code of Regulations" from August 5 to November 24, 2015; (8) CO Hurd used unnecessary use of force when he pulled out his pepper spray, ordered Plaintiff to the ground, and cuffed and escorted Plaintiff to his cell after Plaintiff complained about small food portions; (9) CO Mauldonado and CO Knight intentionally forgot to set the breakfast table with milk, a banana and an apple, forcing Plaintiff to ask for his issue, which led to an assault; (10) CO Reynaga intentionally covered up a portion of his name plate, leading Plaintiff to call him "Reyes" for months; this was done in an attempt to shield CO Reynaga from discrimination claims; (11) CO Mauldonado, CO Knight, and CO Ziegler announced via loud speaker, "No more coffee," but other inmates were able to get coffee; there was none left for Plaintiff; (12) when Plaintiff asked CO Dominguez and CO Ziegler for writing supplies, CO Ziegler was rude and angry when he responded "We don't have any"; (13) during this same confrontation, CO Ziegler used wild hand and body motions as he yelled "Get out, get out," slowly advancing on Plaintiff; Plaintiff walked away and did not receive the pencil that he requested; (14) Appeals Coordinator Feliciano is a part of the network hindering Plaintiff's attempts to complain of these actions; this individual continuously rejects Plaintiff's appeals; and (15) CO Bracken refused to interview or discuss Plaintiff's request to share his problems with mail interference.

Plaintiff seeks damages.

**IV.     Analysis**

This action was initiated on February 22, 2016. On May 20, 2016, the then-assigned magistrate judge screened the complaint and dismissed it with leave to amend. (ECF No. 12.) That dismissal order was based on Plaintiff's assertion of multiple unrelated claims against unrelated defendants and his cursory and conclusory allegations. Plaintiff was specifically informed that he may not assert unrelated claims against unrelated parties in a single action unless they arise out of the same transaction or occurrence and contain common questions of law or fact. Plaintiff was then directed to choose which claims he wished to pursue and was forewarned that his continued

4

assertion of unrelated claims against unrelated defendants would result in the dismissal of this action for failure to comply with a court order.

On June 15, 2016, Plaintiff filed a First Amended Complaint. Shortly thereafter, he filed a motion to dismiss that amended pleading with leave to file a second amended complaint. In the November 21, 2016, order granting this motion, Plaintiff was reminded that he may not bring unrelated claims against unrelated parties in a single action. (ECF No. 26.)

On February 28, 2017, in an order granting Plaintiff's second motion for an extension of time to file an amended pleading, Plaintiff was again reminded that he may not bring unrelated claims against unrelated parties in a single action. (ECF No. 37.) The undersigned specifically noted as follows:

> It is not overstatement to say it is beginning to appear that Plaintiff wishes to contest every action taken by every individual he has interacted with at every institution where he has been housed. Regardless of the merits of such challenges, the Court cannot [and] will not entertain such contentions if the defendants are not properly joined. Failure to meet applicable pleading standards will result in the dismissal of some or all of Plaintiff's claims.

(ECF No. 37 at 3.)

Plaintiff has thus thrice been warned that he may not assert unrelated claims against unrelated defendants, and that he must choose which claims to proceed with in this action which arise out of the same transaction or occurrence and involve common questions of law or fact. He was also repeatedly informed that his failure to abide by these rules would result in the dismissal of this action. Despite these repeated warnings, Plaintiff has now again brought a number of unrelated claims against unrelated parties, subjecting his pleading once again to dismissal pursuant to Federal Rules of Civil Procedure 20. See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

The Court must now determine whether to allow Plaintiff leave to further amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

In this case, despite multiple warnings regarding the rule against asserting unrelated claims against unrelated parties and the directive to assert which claims he will pursue in this action, Plaintiff has again failed to cure the deficiencies, suggesting that

further amendment would be futile. Accordingly, the undersigned will recommend that leave to amend be denied.

**V.     Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    April 23, 2017              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE