UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>        Plaintiff,<br><br>    v.<br><br>REYNAGA, *et al.*,<br><br>        Defendant. | Case No.: 1:16-cv-00239-LJO-JDP<br><br>ORDER REQUIRING PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 64.)<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS REQUESTS FOR RELIEF<br><br>(Doc. Nos. 69, 71.) |

Plaintiff Nicholas Patrick is a former federal prisoner proceeding pro se and *in forma pauperis* with this civil action. Defendants have filed a motion to dismiss (Doc. No. 64), and plaintiff did not respond within the required time frame. Instead, plaintiff has lodged several requests with the court (Doc. Nos. 69, 71). Plaintiff's response to the motion to dismiss and his various requests will be discussed below.

**I.    Plaintiff Must Respond to Defendants' Motion to Dismiss (Doc. No. 64.)**

On June 27, 2018, defendants filed a motion to dismiss the case and served the motion on plaintiff. (Doc. No. 64, at 3.) Plaintiff had 21 days from the date of service to respond to defendants' motion to dismiss. *See* E.D. Cal. Local Rule 230(l). The deadline for plaintiff's response has now passed. The court will allow plaintiff one more opportunity to respond to

1

defendants' motion before dismissing this case.

To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. When a plaintiff repeatedly fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

The court will give plaintiff one final chance to explain why the court should not dismiss the case. Plaintiff must file a response to defendants' motion to dismiss by the deadline set forth below and respond to the arguments raised by defendants in their motion to dismiss. Plaintiff's failure to respond to defendants' motion will result in dismissal.

**II.    Plaintiff's Request to Participate in E-Filing (Doc. No. 69.)**

On June 25, 2018, plaintiff requested the court's permission to file documents electronically through the electronic case management/filing ("CM/ECF") system. (Doc. No. 63.) The Local Rules generally require pro se parties to file and serve paper documents. *See* E.D. Cal. Local Rule 133(a). A pro se litigant may request an exception to this requirement by filing a joint stipulation or by "written motion[] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(2), (3). On July 2, 2018, the court denied plaintiff's request for access to the electronic filing system because it contained no explanation for or justification of his request. (Doc. No. 66.)

On July 5, 2018, plaintiff again requested the court's permission to file documents electronically through the CM/ECF system. (Doc. No. 69.) Given the timing of this motion, the court presumes that plaintiff filed it without reviewing the court's July 2, 2018 order. Plaintiff's second request again fails to explain or justify his request for access to the electronic filing system. It is therefore denied.

**III.     Plaintiff's Request for "30 Additional Days Leave to Amend" (Doc. No. 71.)**

On August 23, 2018, plaintiff "request[ed] the court for 30 additional days leave to amend for [this] case." (Doc. No. 71.) Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend a pleading once as a matter of course either (A) within 21 days of service, or, (B) if the pleading is one requiring a response, within 21 days of service of a responsive pleading or within 21 days of service of a motion under Rule 12(b), (e), or (f)—whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, defendants filed a motion to dismiss under Rule 12(b) on June 27, 2018 (Doc. 64); twenty-one days thereafter was July 19, 2018. Since plaintiff failed to act before July 19, 2018, plaintiff may not file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Defendants have not consented to plaintiff's amendment of his complaint, so plaintiff requires leave of the court to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2).

The court has discretion to grant or deny leave to amend a complaint, *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.* However, there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In evaluating a motion to amend under Rule 15, the court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.").

The court will deny plaintiff's request without prejudice. Plaintiff did not state whether he was requesting leave to file an amended complaint or an extension of time to respond to defendants' currently unopposed motion to dismiss.[1]  If plaintiff meant to ask for an extension of time to respond to defendants' currently unopposed motion to dismiss, then his request is obviated by the court's order giving him one final chance to respond.  If, on the other hand, plaintiff intended to request leave to amend the complaint, he may file a motion stating this explicitly.

**IV.    Plaintiff's Request for an Attorney (Doc. No. 71.)**

On August 23, 2018, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require that an attorney represent plaintiff under 28 U.S.C. § 1915(e)(1), *see Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel under § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Though plaintiff is homeless and has been diagnosed with an unspecified schizoaffective disorder (Doc. No. 71), the court cannot make a determination that plaintiff is likely to succeed on the merits at this early stage in the proceedings. Plaintiff's request is therefore denied.

---

[1] On August 27, defendants asked that the court issue an order providing clarification on plaintiff's request. (Doc. No. 72.)

4

**V.     Order**

Accordingly,

1. Plaintiff must respond to defendants' motion to dismiss by Friday, September 28, 2018.
2. Defendants' reply, if any, is due by Friday, October 5, 2018.
3. Plaintiff's request to participate in e-filing (Doc. No. 69) is DENIED, without prejudice.
4. Plaintiff's request for leave to amend (Doc. No. 71) is DENIED, without prejudice.
5. Plaintiff's request for the appointment of counsel (Doc. No. 71) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   August 30, 2018

UNITED STATES MAGISTRATE JUDGE