UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REYNAGA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00239-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

Plaintiff Nicholas Patrick is a former prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. On August 31, 2018, the court ordered plaintiff to respond to defendants' motion to dismiss by Friday, September 28, 2018. ECF No. 74. The court warned plaintiff that "failure to respond to defendants' motion will result in dismissal." *Id.* at 2. Nonetheless, plaintiff did not file a timely response. Instead, on October 12, 2018, plaintiff filed a motion requesting leave to amend his complaint a fourth time.[1] ECF No. 75. Plaintiff's untimely motion is not responsive to defendants' motion and fails to comply with the court's order. Therefore, the court will recommend dismissal of this action without prejudice for failure to prosecute and failure to comply with a court order.

---

[1] Plaintiff has attempted to file amended complaints at least six times, ECF No. 1; ECF No. 14; ECF No. 20; ECF No. 25; ECF No. 39; ECF No. 45; ECF No. 55, but it appears that the court has found only three complaints to be operative.

1

## I. PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT A FOURTH TIME

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend a pleading once as a matter of course either (A) within 21 days of service, or, (B) if the pleading is one requiring a response, within 21 days of service of a responsive pleading or within 21 days of service of a motion under Rule 12(b), (e), or (f)—whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, defendants filed a motion to dismiss under Rule 12(b) on June 27, 2018, ECF No. 64; twenty-one days thereafter was July 19, 2018. Since plaintiff failed to act before July 19, 2018, plaintiff may not file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Moreover, defendants have not consented to plaintiff's amendment of his complaint; they filed an opposition to plaintiff's motion on October 17, 2018. ECF No. 75. Accordingly, plaintiff requires leave of the court to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2).

The court has discretion to grant or deny leave to amend a complaint, *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.* However, there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In evaluating a motion to amend under Rule 15, the court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *See Allen v. City of Beverly Hills*, 911

F.2d 367, 373 (9th Cir. 1990); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.").

Considering the factors from *Allen*, the court will deny plaintiff's request. Plaintiff initiated this action in 2016, and he has already amended and attempted to amend his complaint numerous times. ECF No. 1; ECF No. 14; ECF No. 20; ECF No. 25; ECF No. 39; ECF No. 45; ECF No. 55. Plaintiff's motion for leave to amend references a purportedly new claim that defendants conspired with a previously unnamed person to "withhold [plaintiff's] incoming mail." ECF No. 75, at 1. Plaintiff fails to explain, however, why he brings this new claim only now, nearly three years after initiating this action—an apparent undue delay. Amendment would also appear to be futile, because, as defendants argue in their opposition, plaintiff's claims appear to be barred by *res judicata*. ECF No. 76, at 4 ("Plaintiff previously litigated the same allegations in *Patrick v. Petroff*, E.D. Cal. No. 1:16-cv-00945."). Finally, granting plaintiff leave to amend his complaint would be prejudicial to defendants. All defendants but one have already been served with plaintiff's third amended complaint, ECF No. 61; ECF No. 62, and they filed a motion to dismiss, ECF No. 64. Under these circumstances, it would be unfair to defendants to allow plaintiff to once again amend his complaint.

**II.  FAILURE TO COMPLY WITH COURT RULES AND COURT ORDER**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. When a plaintiff repeatedly fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, plaintiff has failed to prosecute this case and has failed to comply with a court order. On June 27, 2018, defendants filed a motion to dismiss the case and served the motion on plaintiff. Doc. No. 64, at 3. Plaintiff had 21 days from the date of service to respond to defendants' motion to dismiss. *See* E.D. Cal. Local Rule 230(l). The deadline for plaintiff's response passed, so the court ordered plaintiff to respond by September 28, 2018. ECF No. 74. Plaintiff failed to comply with this order.

### III.  FINDINGS AND RECOMMENDATIONS

Accordingly, we recommend that this action be dismissed without prejudice for plaintiff's failure to obey a court order and to prosecute this action.

We submit the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     October 24, 2018                               /s/ Jeremy Peterson
                                                              UNITED STATES MAGISTRATE JUDGE